IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVITA HEALTHCARE PARTNERS, INC.,
F/K/A DAVITA, INC., a Delaware Corporation

      Plaintiff,

v.                                                 1:16-cv-00125-RJ-LF

SAN JUAN INDEPENDENT PRACTICE
ASSOCIATION, a New Mexico corporation; and
SAN JUAN REGIONAL MEDIAL CENTER, INC.,
A New Mexico corporation,

      Defendants.

### ORDER ON MOTION TO COMPEL RESPONSES TO DAVITA'S SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

THIS MATTER is before the Court on plaintiff DaVita Healthcare Partner, Inc.'s ("DaVita") Motion to Compel Responses to DaVita's Second Set of Interrogatories and Requests for Production (Doc. 69). Defendant San Juan Regional Medical Center ("SJRMC") filed a response (Doc. 71), and DaVita filed a reply (Doc. 73). Having reviewed the parties' submissions, as well as the relevant law, I find the motion's request for an order to compel is MOOT. However, for the reasons stated below, I will GRANT DaVita's request for attorney's fees.

DaVita served its Second Set of Interrogatories and Requests for Production on defendant SJRMC on August 19, 2016. Doc. 69-1. SJRMC responded to these discovery requests on September 19, 2016. Doc. 69-2. The next day, Davita emailed SJRMC about what it perceived as deficiencies in the response, requesting that SJRMC supplement its answers. Doc. 69-3. SJRMC responded, stating that it would comply with DaVita's request and provide supplemental

information.[1]  Doc. 69-4.  DaVita emailed SJRMC on September 24, 2016 and explained that—because it only had until October 14, 2016 to file a motion to compel if necessary—it needed to receive all supplemental responses no later than October 7, 2016.[2]  Doc. 69-5.

Having received no supplemental responses, DaVita filed its motion to compel on October 13, 2016.  Doc. 69.  DaVita asked the Court to issue an order to compel SJRMC to provide complete answers to DaVita's Second Set of Interrogatories and Requests for Production, and for attorney's fees incurred in connection with the motion to compel.  *Id.* at 6.  Later on the same day that DaVita filed the motion to compel, SJRMC provided supplemental documents and responses.  Doc. 71 at 1.  Both parties agree that the Court no longer needs to issue an order to compel.  Doc. 71 at 3; Doc. 73 at 1.  The only remaining issue for the Court to decide is whether DaVita is entitled to attorney's fees.

SJRMC argues that attorney's fees are not appropriate because it never represented that it could meet the October 7, 2016 deadline proposed by plaintiff for supplementing its responses, and because DaVita did not request a conference with the Court prior to filing its motion to compel.  Doc. 71 at 2.  SJRMC further argues that Rule 37 sanctions are not appropriate in this case.  SJRMC asks the Court to analyze the request for attorney's fees using the factors listed in *Rivera v. Volvo Cars of North America, L.L.C.*, 2015 WL 11089501 (D.N.M. July 20, 2015), and to find that it should not be required to pay attorney's fees.  Doc. 71 at 1–2.  However, as DaVita points out, *Rivera* is not on point.  Doc. 73 at 3.  *Rivera* deals with the imposition of sanctions

---

[1] DaVita states that this email was sent on September 23, 2016.  Doc. 73 at 2.  However, the document is dated September 19, 2016.  Doc. 69-4.

[2] D.N.M.LR 26.6 requires a party to file a motion to compel within 21 days after being served with discovery objections.  Federal Rule of Civil Procedure applies to local rules, and, prior to December 1, 2016, allowed three additional days to act after service by mail *or* electronic means.  FED. R. CIV. P. 6(a), (d).  Thus, DaVita's motion to compel based on discovery objections served on September 19, 2016 was due by October 13, 2016, the day it was filed.

under Federal Rules of Civil Procedure 37(b)(2) and 37(c)—neither of which form the basis of DaVita's requested relief.  *See Rivera*, 2015 WL 11089501, at *2; *see also* Doc. 69 at 1 (stating that DaVita's motion was filed pursuant to Federal Rules of Civil Procedure 37(a)(3), (a)(4), and (a)(5)).

Federal Rule of Civil Procedure 37(a)(5), the rule governing the payment of expenses, states:

> **(A)** *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).*  If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees.  But the court must not order this payment if:
> **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
> **(iii)** other circumstances make an award of expenses unjust.

FED. R. CIV. P. 37(a)(5)(A).

Here, SJRMC admits that it provided supplemental discovery requests only after DaVita filed its motion to compel.  Doc. 71 at 2.  DaVita did not file this motion without first conferring in good faith.  Both DaVita's September 20, 2016 and September 24, 2016 emails document this good faith.  The September 24, 2016 email advised SJRMC that it needed supplemental discovery no later than October 7, 2016.  SJRMC's argument that DaVita needed to contact them again before filing a motion to compel, Doc. 71 at 2, is without merit.  If SJRMC was unable to produce the supplemental discovery by October 7, 2016, the onus was on SJRMC to communicate this to DaVita and request an extension, which would have prevented DaVita from investing the time and expense on a motion to compel.

SJRMC's argument that the parties were *required* to seek a conference with me prior to filing a motion to compel, Doc. 71 at 2–4, is also unavailing.  While I do encourage telephonic conferences for minor discovery disputes, as DaVita points out, these conferences are permissive, not mandatory.  *See Phone Conferences* at http://www.nmd.uscourts.gov/content/honorable-laura-fashing; *see also* Doc. 73 at 5.  Finally, SJRMC does not argue, nor is there any evidence to support a finding that SJRMC's "nondisclosure, response, or objection was substantially justified[,]" or that other circumstances make the award of attorney's fees unjust.

Therefore, I order SJRMC to pay DaVita's reasonable costs, including attorney's fees, in bringing the Motion to Compel (Doc. 69).  Counsel for DaVita shall submit an affidavit of reasonable expenses, including attorney's fees, incurred in the preparation of the motion to compel by January 6, 2017.  *See* FED. R. CIV. P. 37(a)(5).  SJRMC's counsel shall have until January 20, 2017 to file objections to DaVita's requested expenses.

**IT IS SO ORDERED.**

_____
Laura Fashing
United States Magistrate Judge